# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEBRA A. SEKA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil No. 15-cv-1350-CJP ) |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

## ORDER for ATTORNEY'S FEES

**PROUD, Magistrate Judge:**

This matter is before the Court on Plaintiff's Unopposed Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. §406(b). (Doc. 40). Plaintiff's counsel represents that he consulted counsel for defendant, who stated that defendant has no objection. Doc. 40, ¶ 11.

After this Court reversed and remanded pursuant to sentence four of 42 U.S.C. §405(g), the Commissioner granted plaintiff's application for benefits. The fee agreement between plaintiff and her attorney provided for a fee of 25% of plaintiff's past-due benefits. The Commissioner withheld 25% of the past due amount ($22,118.00) pending court approval of the fee. A fee of $6,000 was paid to a different attorney who represented plaintiff at the agency level. Doc. 40. Ex. 2 & 3.

42 U.S.C. §406(b)(1)(A) provides that the Court may allow a "reasonable fee," not in excess of 25% of the total of the past-due benefits. However, if the Court approves such a fee, "no other fee may be payable or certified for payment for such representation except as provided in this paragraph." *Ibid*. In practical terms, this means that, when a fee is awarded under §406(b)(1), counsel must refund any amount previously awarded under the Equal Access to Justice Act, 28 U.S.C. §2412(d)(1)(B).

Counsel here seeks a fee of $10,518.00. That amount represents $22,118.00, minus the $6000.00 fee paid to the other attorney and minus the EAJA fee of $5,600.00 previously awarded.

The Supreme Court has held that §406(b)(1) controls, but does not displace, contingent fee agreement in social security cases:

> Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.

*Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

Having reviewed the circumstances presented here, including the time and effort expended by counsel, the excellent result received by plaintiff, the amount of the past-due benefits and the value of the projected benefits over plaintiff's expected life span, the Court concludes that $10,518.00 is a reasonable fee here. The Court notes that the Commissioner does not oppose the motion. While the Commissioner has no direct stake in the §406(b)(1) fee request, she "plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht*, 535 U.S. at 798, n. 6.

Wherefore, Plaintiff's Unopposed Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. §406(b) (Doc. 40) **is GRANTED**. The Court awards plaintiff's counsel Joseph Sellers a fee of $10,518.00 (ten thousand, five hundred and eighteen dollars) to be paid out of plaintiff's withheld past benefits. The Commissioner shall pay the remaining $5,600.00 of the withheld past benefits to plaintiff.

**IT IS SO ORDERED.**

**DATED: December 7, 2017.**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**